**CARIBBEAN MATERIAL SUPPLY CO., INC., ST. CROIX SAND AND STONE CORP., Plaintiffs**

v.

**ALPHONSO HOLDER and MASONRY PRODUCTS VIRGIN ISLANDS CORP., Defendants**

Civil No. 1974-980

District Court of the Virgin Islands

Div. of St. Croix

December 30, 1974

119

NICHOLS & SILVERLIGHT, ESQS. (JOHN B. NICHOLS, of counsel), Christiansted, St. Croix, V.I., *for plaintiffs*

O. S. LAD MINGUS, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

The Commissioner of Property and Procurement for the Government of the Virgin Islands, Alphonso Holder (herein "Commissioner"), awarded a government contract for various building materials to Masonry Products, Inc., on December 11, 1974, after competitive bidding pursuant

to Chapter 23 of Title 31 of the Virgin Islands Code. Plaintiffs Caribbean Material Supply Company, Inc. (herein "Camsco") and St. Croix Stone and Sand Corporation (herein "St. Croix Stone") also submitted bids on the various items for which bids were solicited, and they allege that the Commissioner wrongfully failed to consider them as "preferred bidders" pursuant to 31 V.I.C. § 236a in evaluating the bids. The Commissioner's position is that plaintiffs had not submitted certification of their status as preferred bidders to him prior to the bid solicitation; therefore, they were not on his list of preferred bidders and should not have been considered to be preferred bidders in the evaluation of these bids. I am satisfied that plaintiffs qualified as preferred bidders when making their bids, and the Commissioner should have considered them as such when evaluating the bids.

 A hearing was held in this matter on December 30, 1974. Most of the facts in this controversy were stipulated. I dictated into the record my adoption of the stipulations as my findings of fact. The one fact in dispute was whether Mr. Bressi of Camsco notified the Commissioner that his company qualified as a preferred bidder prior to the award. I find this dispute irrelevant. The form on which the bids were submitted had boxes to check if the bidder was a preferred bidder, and both plaintiffs so indicated. This is adequate notice to the Commissioner. The statute does not require the bidders to certify their status as preferred bidders prior to submitting bids. Paragraph (f) of 31 V.I.C. § 236a provides that any qualifying person or firm *may* request his name be added to the Commissioner's list of preferred bidders. The next paragraph states the purpose of the list—in addition to the regular advertising for bids, the Commissioner must mail notices of bid invitations to preferred bidders for a particular item. No rules or regulations have been promulgated under this

section. Therefore, I construe § 236a as not requiring bidders to be placed on a preferred bidders list prior to submitting bids for which they want to be considered as preferred bidders.

The effect of this order will be to cause the Commissioner to reevaluate the bids giving § 236a preferred bidder status to Camsco and St. Croix Stone. As to item 6 on the bid solicitation, for which identical bids were submitted, I express no opinion. The question of to whom the award is to be made if the bids are identical is not subject to judicial resolution and is wholly within the discretion of the Commissioner.

■ Counsel for Masonry Products, the low bidder on all items under the vacated award, suggested that a new solicitation of bids would be more equitable than reevaluating the existing bids if Camsco and St. Croix Stone will have preferred status in the reevaluation. This suggestion is based on the premise that Masonry Products did not know there were any preferred bidders submitting bids in the solicitation. I find no requirement of notice to bidders of the existence of preferred bidders in a bid solicitation. I have construed § 236a as not requiring a bidder to qualify as preferred prior to submitting a bid. It would be inconsistent with that construction to order a resolicitation of bids here.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that the award of the Commissioner of Property and Procurement of a government contract on December 11, 1974, to Masonry Products, Inc., be set aside and the Commissioner consider Plaintiffs as § 236a preferred bidders in making his award.